## HOWLAND et al. v. FOSDICK et al.

Where the owners of merchandize consigned to an agent for sale, in answering a letter containing an account of the sales, writes with full information of all the circumstances under which it was made, that " The sale leaves us a very serious loss, but we suppose you acted for the best; we should have preferred holding on to selling at such low figures," it amounts to a ratification and approval of the sale.

APPEAL from the Fourth District Court of New Orleans, *Strawbrige*, J. *Maybin*, for the plaintiffs. *Lockett* and *Goold*, for the appellants. The judgment of the court (*King*, J. absent,) was pronounced by

Rost, J. The defendants, who are merchants in this city, shipped to the plaintiffs, in New York, in the month of August 1847, forty-six bales of cotton, and directed them at first to sell it on its arrival. They drew on the plaintiffs, at the same time, a bill for $2,062 40, on the shipment. The plaintiffs acknowledged the receipt of the letter containing the order to sell at once, before the arrival of the ship. They accepted the bill and have since paid it.

On the 27th of September, the ship arrived at the quarantine ground, eight miles below the city of New York, and was not permitted to enter the port until the 11th of October. After her arrival, the plaintiffs frequently sent to ascertain when the cotton would be landed. It was landed on the 16th October. On the same day the plaintiffs had it hauled to their warehouses, and as soon as parcticable placed samples of it in the hands of two brokers. It was sold on the 23d of October, at eight cents per pound, leaving the plaintiffs uncovered to the amount of $574 34. They sue for the recovery of this sum, which the defendants refuse to pay, on the ground that it was the duty of the plaintiffs to have sent lighters to the quarantine, as soon as it was ascertained that the vessel would be detained there, for the purpose of bringing the cotton to the city of New York, and that, by failing to do so, they violated the defendants' orders, and were guilty of gross neglect; that by reason of the delay, which occurred, the defendants lost 3 cents per pound on the cotton, and have sustained damages in the sum of $671, which they claim in reconvention. There was judgment against them in the first instance, and they have appealed.

The reasons of the district judge in support of his decree, are as follows :

" By the bill of lading, the ship undertook to deliver the cotton in the port of New York; it was then incumbent on the defendants to have shewn some usage or custom by which the consignees were bound to send to Staten Island, and which protected the said consigness from the risk and expense of lighterage, &c., and this has not been done, to my satisfaction. On the contrary, from the occupation and long experience of the witnesses *Barstow* and *Robert*, in the New Orleans trade, I come to the conclusion that it is not the usage, nor was it the duty of the plaintiffs to send to Staten Island, unless under the special instructions of the defendants."

In this view of the facts and of the law of the case, we entirely concur. Had the vessel been compelled to discharge all her cargo at the quarantine ground, agreeably to quarantine regulations, it would have been the duty of the consignees to make arrangements with the ship for the transportation of the cotton to New York, and to see that it was transported. But, as long as there was a probability that the vessel would be permitted to enter the port with all or a part of her cargo, it was not the duty of the plaintiffs to send lighters under the alleged usage of trade.

*Uncommon* diligence having been used by the plaintiffs, after the arrival of the ship in New York, there is nothing for the defence to rest upon. So far from being in any manner sustained by the evidence, it is inconsistent with the defendants' own letters and instructions to the plaintiffs. On the 23d of October, they wrote: "If the cotton is still on hand, we must leave you to exercise your own discretion as to its being sold immediately or held." On tho 8th of November, they acknowledge the receipt of the plaintiffs' letter informing them of the sale of the cotton, and go on to say: "The sale leaves us a very serious loss; but we suppose you acted for.the best. We should have preferred holding on, to selling at such low figures."

When they wrote the last letter they were informed of all the facts alleged in their answer, and it is to all intents a ratification and approval of the sale.

*Judgment affirmed.*